

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARRY NELSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:10-CV-1771-O (BF) |
| | § | |
| WELLS FARGO HOME MORTGAGE, | § | |
| SCME MORTGAGE BANKERS, INC., | § | |
| AND MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is Defendants Wells Fargo Home Mortgage ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively referred to as "Defendants") Motion for Summary Judgment (doc. 18), filed on May 9, 2012. Plaintiff Garry Nelson ("Plaintiff") originally filed this wrongful foreclosure action against Defendants in the 68th Judicial District Court of Dallas County, Texas. On September 9, 2010, Defendants removed the case to federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a).[1] In the Motion for Summary Judgment, Defendants contend that summary judgment should be granted in their favor on all of Plaintiff's causes of action. Plaintiff filed a timely response on May 29, 2012, and then filed a motion for leave to file an amended response due to a clerical error, which this Court granted. Defendants in turn filed a timely reply on July 9, 2012. For the following reasons, the Court recommends that the District Court **GRANT**

---

1 The Court notes that Defendant SCME Mortgage Bankers, Inc. ("SCME") did not consent or join in on the removal of this case. However, SCME was never served by Plaintiff in state court, thus it was not required to join in under the removal statute. *See* 28 U.S.C. § 1446(a)(2)(A).

Defendants' Motion for Summary Judgment and enter judgment in favor of Defendants Wells Fargo and

MERS.

### Standard of Review

Summary judgment is appropriate when the pleadings and record evidence show that no genuine

issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid*

*Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's

granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on

the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919

F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment

movant need not support his motion with evidence negating the non-movant's case. Rather, the movant

may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little*, 37

F.3d at 1075. Once the movant meets his burden, the non-movant must show that summary judgment is

not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "[A

properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings

and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'

designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. *See*

FED. R. CIV. P. 56(e). "This burden is not satisfied with 'some metaphysical doubt as to material facts,'

. . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."

*Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). To determine

whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable

to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict

for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita,* 475 U.S. at 586. Mere conclusory allegations are not competent summary-judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir.1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *See Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas,* 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.;* *see also Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n. 7 (5th Cir.1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23.

Evidence on summary judgment may be considered to the extent that it is not based on hearsay or other information that is not admissible at trial. *Fowler v. Smith,* 68 F.3d 124, 126 (5th Cir. 1995); *see* Fed.R.Civ.P. 56(e) ("affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence ..."). This Court will consider only competent summary-judgment evidence in considering whether Defendants are entitled to summary judgment.

## Undisputed Material Facts[2]

On July 18, 2003, Plaintiff Garry Nelson and Laura A. Nelson (Plaintiff's then-wife) took out a Veterans Affairs mortgage loan in the amount of $156,124.00 (the "Loan") from SCME to refinance property located at 620 E. Kearney Street, Mesquite, Texas 75149 (the "Property"). In connection with the Loan, Plaintiff signed a Fixed Rate Note (the "Note") payable to SCME and also signed a Deed of Trust securing payment of the Note. Laura A. Nelson also signed the Note and Deed of Trust, but later transferred her interest in the Property (as well as any obligation under the Note) to Plaintiff pursuant to the couple's divorce. Pursuant to the terms of the Note, Plaintiff was to remit monthly principal and interest payments to SCME, or "anyone who takes this Note by transfer and who is entitled to receive payments under this Note . . .", beginning on September 1, 2003 and continuing until August 1, 2033. Plaintiff admits that he fell delinquent on his monthly mortgage payments beginning in March 2010.

Wells Fargo sent, and Plaintiff received, a Notice of Default dated May 10, 2010, informing Plaintiff that he was in default on his payment obligations under the Note and setting forth the action needed to cure the default. Plaintiff failed to cure the default, and Wells Fargo engaged the law firm of Brice Vander Linden & Wernick, P.C. ("BVLW") to initiate foreclosure proceedings against the Property. BVLW sent Plaintiff a Notice of Default and Intention to Accelerate on July 23, 2010, but Plaintiff failed to cure the default. Instead, Plaintiff sent various written inquiries to Wells Fargo concerning ownership of the Note, and Wells Fargo responded by sending Plaintiff a true and correct copy of his mortgage Note.

BVLW thereafter posted the Property for the October 5, 2010 foreclosure sale, but the foreclosure

---

2 These facts are taken from the "Factual Background" portion of Defendants' Brief in Support of Motion for Summary Judgment, designated as ("Defs.' Br."). In his brief in support of his Response to Defendants' Motion for Summary Judgment, Plaintiff indicated that the only fact he disputes is whether Wells Fargo is the party entitled to enforce the Note. (*See* Pl.'s Br. ¶¶ 5-7.)

was stalled when Plaintiff filed for Chapter 7 bankruptcy on October 1, 2010. Wells Fargo subsequently

filed a Motion for Relief from Stay, which the bankruptcy court granted on December 22, 2010 pursuant

to an Agreed Order Terminating Stay between the parties. Plaintiff did not contest Wells Fargo's authority

to obtain relief from the stay. Before Wells Fargo could resume foreclosure proceedings, however, Plaintiff

filed for Chapter 13 bankruptcy on February 27, 2011. Plaintiff filed a Chapter 13 Plan, which included

payments to Wells Fargo for arrearages on the mortgage account. The bankruptcy court entered an order

confirming the Chapter 13 Plan on July 27, 2011, but Plaintiff failed to make the requisite payments under

the Plan.

## Analysis

In Plaintiff's First Amended Complaint ("Complaint"), Plaintiff alleges the following causes of

action: breach of contract, declaratory judgment, a violation of the Deceptive Trade Practices Act, and

injunctive relief. (Pl.'s Compl. ¶¶ 34-45.) The Court will examine the merits of each claim.

**Breach of Contract**

Under Texas law, a plaintiff must demonstrate the following elements to succeed on a breach of

contract claim: (1) the existence of a valid contract; (2) performance or tendered performance by the

plaintiff; (3) a breach by the defendant; and (4) damages. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d

135, 140 (Tex.App.– Corpus Christi 2008, no pet.) Plaintiff makes the convoluted argument that there was

no valid contract between himself and Defendants, however, if the court were to find a valid contract then

Defendants breached that contract. (Pl.'s Br. ¶¶ 60-61.)

This Court is somewhat perplexed as to how Plaintiff contends on the one hand that he has a breach

of contract claim, yet on the other hand argues that there was no valid contract between himself and

Defendants. Nevertheless, Plaintiff contends there was no valid contract because of a lack of contractual

privity in that Plaintiff "never entered into an agreement that would give Defendants the right to foreclose on his home." (*Id.* at ¶ 60.) Essentially, Plaintiff contests the assignment of the Note and Deed of Trust from MERS to Wells Fargo. First, Plaintiff asserts that MERS cannot be the assignor of the Note or Deed of Trust because "MERS has no such authority or interest in the Note or Deed of Trust to convey." (*Id.* at ¶ 57.) However, this argument is without merit. Plaintiff concedes that he signed a Note and Deed of Trust in favor of SCME on July 18, 2003. (*Id.* at ¶ 5.) The Deed of Trust clearly states that "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." (Defs.' App. 14.) Plaintiff argues that this language is confusing, however, he neglects to mention other language in the Deed of Trust which states:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS . . . has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property . . .

(*Id.*) Clearly, the Deed of Trust granted MERS an interest in the Note and Deed of Trust, which in turn gave MERS the authority to assign such documents. Furthermore, Defendant did enter into an agreement that would allow MERS, and subsequently Wells Fargo, to foreclose on the Property.

Plaintiff thereafter argues that the assignment of the Note from MERS to Wells Fargo is invalid because the assignment was executed on February 18, 2011, well after Defendants attempted to foreclose on the Property. (Pl.'s Br. ¶ 58; *see* Def.'s App. 31-33, Assignment of Note and Deed of Trust.) An assignment is a transfer of a right or interest, and thus is a contract between the assignor of the right or interest and the assignee. *Pagosa Oil and Gas, L.L.C. v. Marrs and Smith P'ship*, 323 S.W.3d 203, 211 (Tex. App. 2010, pet. denied). Upon transfer, the assignee becomes authorized to assert that right or interest. *Id.* Assignments are governed by contract law and only parties to the assignments have standing

to contest them. *See Eskridge v. Federal Home Loan Mortgage Corp.,* No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011) (holding Plaintiff had no standing to challenge the assignment of the Note or the Deed of Trust because she was not a party to the assignments); *Woods v. Bank of Am., N.A.,* 3:11-CV-1116-B, 2012 WL 1344343, at *5 (N.D. Tex. Apr. 17, 2012) (holding that Plaintiff lacked standing to challenge the assignment of the Deed of Trust because he was not a party to the assignment). Plaintiff does not allege, and he has not provided any evidence demonstrating that he was a party to the assignment he contests. Plaintiff, therefore, lacks standing to contest the transfer and assignment of the Note and Deed of Trust from MERS to Wells Fargo.

Since a valid contract exists between Plaintiff and Defendants, the Court will now address Plaintiff's contention that Defendants breached that agreement. Plaintiff argues that Defendants breached the Deed of Trust by attempting to foreclosure on the Property. However, as previously stated, the Deed of Trust explicitly gave MERS an interest in the Property, which included the right to foreclose on the Property. *See supra.* Plaintiff's attempt to invalidate that language by citing to state cases in Arkansas, Kansas, and Missouri is futile. This Court is, of course, only bound by the precedent of higher Texas courts and the United States Supreme Court. *See Penrod Drilling Corp. v. Williams,* 868 S.W.2d 294, 296 (Tex. 1993). Plaintiff fails to cite to any such cases. Furthermore, Plaintiff's argument that Wells Fargo could not foreclose on the Property because it was not the holder of the Note also fails.

In Plaintiff's Brief, he goes into a lengthy explanation of Article 3 of the Texas Uniform Commercial Code ("UCC") detailing why Wells Fargo is not the holder of the Note, and thus cannot foreclose on the Property. However, Plaintiff's examination and usage of the UCC is misplaced. The Texas Property Code allows an entity other than the note holder to initiate foreclosure proceedings on behalf of the note holder. *See* TEX. PROP. CODE ANN. § 51.0025. Section 51.0025 states, in pertinent part, that "a

mortgage servicer may administer the foreclosure of property . . . on behalf of a mortgagee . . ." TEX. PROP. CODE ANN. § 51.0025. Furthermore, under Texas law, a mortgage servicer may conduct foreclosure proceedings without first establishing that it is the holder of the note. *See Broyles v. Chase Home Fin.,* No. 3:10-CV-2256-G, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011); *Sawyer v. MERS,* No. 3-09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010); *Athey v. MERS,* 314 S.W.3d 161, 165-66 (Tex. App. – Eastland 2010, pet. denied). Plaintiff did not contest Wells Fargo's authority as the loan servicer, and actually admits that he made his monthly mortgage payments to Wells Fargo before he defaulted on the Loan. (Def.'s App. 61.) Thus, as the mortgage servicer on the Loan, Wells Fargo was not obligated to prove that it was the holder of the Note before attempting to foreclose on the Property.

In sum, the Court finds that Plaintiff cannot prove a necessary element of a breach of contract claim, that a breach occurred by Defendants. Because there is no genuine issue of material fact that exists for trial, Plaintiff's breach of contract claim cannot stand.

**Deceptive Trade Practices Act**

Under Texas law, the elements of a Deceptive Trade Practices Act ("DTPA") claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Marquez v. Fed. Nat. Mortg. Ass'n,* 3:10-CV-02040-L, 2011 WL 3714623, at *5 (N.D. Tex. Aug. 23, 2011) (citing *Doe v. Boys Club of Greater Dallas, Inc.,* 907 S.W.2d 472, 478 (Tex.1995)). Thus, a claimant asserting a cause of action under the DTPA, must be a "consumer" in order to have standing. *See Woods,* 2012 WL 1344343, at *7 (quoting *Cushman v. GC Services, L.P.,* 397 Fed. App'x 24, 27–29 (5th Cir.2010). A "consumer" under the DTPA is defined as one who "seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE ANN. § 17.45(4). "Goods" include "tangible chattels or real property purchased or leased for use." *Id.* at § 17.45(1).

8

"Services" are defined as "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." *Id.* at § 17.45(2).

Texas Courts have consistently held that borrowing money does not constitute acquisition of a good or service. *See Marquez,* 2011 WL 3714623, at *5; *Woods,* 2012 WL 1344343, at *7; *Myers v. Bank of America, N.A.,* No. 4:11–CV–457, 2012 WL 1107687, at *2 (E.D.Tex. March 31, 2012) (citing *La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 566 (Tex.1984); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174–75 (Tex.1980)). "Although a loan is not in itself a good or service, a lender may be subject to a DTPA claim if the borrower's objective is the purchase of a good or service." *Marquez,* 2011 WL 3714623, at *5 (citing *La Sara Grain Co.,* 673 S.W.2d at 567). The deciding factor is whether the purchase or lease of a good or service was "an objective of the transaction, not merely incidental to it." *Id.* (quoting *FDIC v. Munn,* 804 F.2d 860, 865 (5th Cir.1986)).

Here, Plaintiff admits that he obtained the Loan to refinance the Property. Thus, it is undisputed that Plaintiff had already purchased the Property. The Loan merely extended credit to Plaintiff, and therefore cannot qualify as a good or service under the DTPA, or confer consumer status on Plaintiff. *See Riverside,* 603 S.W.2d at 173-74 (holding that refinancing a car loan did not make the debtor a consumer under the DTPA); *La Sara Grain Co.,* 673 S.W.2d at 567 ("Because the loan involves only the extension of credit, La Sara has not shown itself to be a consumer and therefore has no DTPA claim."); *Fix v. Flagstar Bank, FSB,* 242 S.W.3d 147, 160 (Tex. App. – Fort Worth 2007, pet. filed) ("Because the Fixes had already purchased their house, the Flagstar refinance merely extended credit to the Fixes. As such, the refinance cannot qualify as a good or a service under the DTPA."). Accordingly, the Court finds that Plaintiff is not a "consumer" for purposes of the DTPA.

Because Plaintiff cannot demonstrate that he is a "consumer", he lacks standing to assert a claim

under the DTPA. Furthermore, he cannot prove a necessary element, for which he has the burden of proof at trial, for a DTPA claim. Hence, Plaintiff's claim under the DTPA is barred.

**Declaratory Judgment**

Plaintiff seeks a declaration pursuant to the Uniform Declaratory Judgments Act ("UDJA") that declares that: "(a) Neither Wells Fargo nor MERS is a 'person entitled to enforce' as defined by §3.301 of the Texas UCC; (b) Neither Wells Fargo nor MERS has or ever had standing to pursue foreclosure of the Property." (Pl.'s Compl. ¶ 37.) The UDJA's "purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002. In Texas, a declaration under the UDJA does not create any substantive rights or causes of action, but instead is merely a procedural device. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996) (citation omitted). Thus, a request for declaratory relief is construed as a theory of recovery, which is dependent upon another cause of action. *Id.* Accordingly, Plaintiff's attempt to bring an independent cause of action for declaratory judgment fails. Furthermore, because Plaintiff has failed to allege any valid causes of action in his Complaint, the remedy of a declaratory judgment is inappropriate.

**Injunctive Relief**

Similarly, a request for injunctive relief under Texas law is not in and of itself a cause of action, but instead is predicated on an underlying cause of action. *Cooks v. Wells Fargo Bank, N.A.,* No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010); *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex.App. 2008, no pet.); *Butanaru v. Ford Motor Co.,* 84 S.W.3d 198, 210 (Tex. 2002). Because Plaintiff has failed to demonstrate any well-founded causes of action against Defendants, there is no underlying cause of action for which the Court can provide this equitable remedy. Accordingly, Plaintiff's

request for injunctive relief fails as a matter of law.[3]

## Recommendation

This Court finds that Defendants have met their burden of demonstrating that they are entitled to judgment as a matter of law because based on the undisputed facts, there is no genuine issue of material fact for trial. Accordingly, the Court recommends that the District Court GRANT Defendants' Motion for Summary Judgment (doc. 18) and enter judgment in favor of Defendants Wells Fargo and MERS.

SO RECOMMENDED, November 5 , 2012.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

3 The Court notes that since Plaintiff has failed to establish any valid causes of action, he is not entitled to damages and cannot recover attorney's fees. *See Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex. 1997). Thus, his request for damages and attorney's fees in his Complaint should be denied.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).